```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------:
DIJONCINQUE HARVEY,                 :
                                    :
                    Petitioner,     :
                                    :    04 Civ. 8019 (PKC)(JCF)
                                    :
    -against-                       :        REPORT AND
                                    :        RECOMMENDATION
WILLIAM MAZZUCA, Superintendent,    :
Fishkill Correctional Facility,     :
                                    :
                    Respondent.     :
------------------------------------:
```

TO THE HONORABLE P. KEVIN CASTEL, U.S.D.J.:

Dijoncinque Harvey brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his conviction in New York State Supreme Court, New York County, on the grounds that: (1) the evidence was inadequate to support the jury's finding that the victim suffered a physical injury, (2) he was denied his right to a fair trial when his notice of alibi and statements made during arraignment were admitted into evidence, and (3) he was denied his due process rights when he was forced to stipulate to the description of the assailant that the complainant had given to the police.[1] For the reasons that follow, I recommend that the petition be denied.

---

[1] Mr. Harvey presented a fourth claim alleging that the verdict was against the weight of the evidence, but he withdrew that claim as it was based on state law and was not appropriate for federal review. (Reply Brief for Petitioner dated May 26, 2005, ¶ 9).

1

Background

On September 21, 2001, at around 4:00 a.m., Ross Winter woke up with a headache and left his Harlem apartment with a dollar to purchase pain relief medication. (Tr. at 88).[2] After buying the medicine, he returned home and was unlocking the gate to his apartment when a man pointed a gun at his head and demanded his money. (Tr. at 89). Mr. Winter showed the assailant that he had no money and the assailant struck him above his right ear with the gun and ran off. (Tr. at 91). Mr. Winter called the police and gave a description of the assailant.[3] (Tr. at 95-96). He was examined by paramedics but declined further medical attention. (Tr. at 95-96). Although Mr. Winter did not go to the hospital for treatment, his head turned black and blue and he had a headache for several days. (Tr. at 106). He testified that he was able to avoid the brunt of the blow and that he was not hit that hard. (Tr. at 120).

Shortly after Mr. Winter had called the police, the petitioner was stopped outside a parking garage less than a block away from where the incident had occurred. (Tr. at 198-203). The

---

[2] "Tr." refers to the transcript of the petitioner's trial which commenced on March 27, 2002.

[3] The tape of the 911 call was not preserved by the police department. However, a SPRINT record (a less detailed, non-verbatim copy of all the 911 calls that come in each day) was maintained. (Tr. at 155-56, 162-63). The SPRINT report described the perpetrator as "a male black wearing a gray hooded sweatshirt." (Hearing transcript dated March 25, 2002 ("H. Tr."), at 66-67).

petitioner's sister and cousin live several blocks away, and the petitioner and his cousin had returned to the apartment after work between 3:00 a.m. and 3:30 a.m. on the morning of the incident. (Tr. at 150-51). The police notified Mr. Harvey that he was being stopped because he fit the description of someone involved in an incident down the street.[4] (Tr. at 220). Without any further probing, Mr. Harvey blurted out, "I didn't rob anybody, I have a job, I'll show you my pay check." (Tr. at 221). The police then brought Mr. Winter to the parking lot to identify the assailant. (Tr. at 96). After examining the petitioner for what seemed like ten to fifteen minutes, Mr. Winter identified him as the person who had struck him with a gun earlier that morning. (Tr. at 99, 107). The petitioner was arrested and charged with attempted robbery in the first and second degrees.

At the arraignment, Mr. Harvey's attorney advised the court that the petitioner was with his sister at the time of the crime, and counsel subsequently served an alibi notice. (Tr. at 252-54; Brief for Defendant-Appellant dated April 2003 ("Def. Brief"), attached as Exh. A to Declaration of Nisha Desai dated Feb. 28, 2005 ("Desai Decl."), at 3). However, at trial no alibi defense

---

[4] Police Officer Kathleen Montague, one of the officers at the crime scene, testified that the description given by Mr. Winter to Officers Balbin and Reid at the scene was as follows: "Male black, five foot six, approximately 160 to 170 pounds, wearing dark pants, gray hooded sweatshirt, dark boots and [he] had facial hair." (H. Tr. at 9, 27, 67). Officer Montague then spoke to Mr. Winter to confirm the description. (H. Tr. at 10).

3

was offered. (Def. Brief at 3). Rather, the prosecution called the petitioner's sister to testify in order to establish that Mr. Harvey had enough time after returning from work to commit the crime. (Tr. at 141-49). The prosecution then sought to introduce the petitioner's notice of alibi to illustrate the inconsistencies between the sister's testimony and the potential alibi. Defense counsel opposed admission of that evidence, and the court reserved judgment until after Officer Montague testified. (Tr. at 169, 210).

During the prosecution's questioning of Officer Montague, the officer was asked to testify to the description Mr. Winter had given of the assailant. (Tr. at 176). The court sustained defense counsel's objection on the ground that it was the complainant who should testify to what he had told the police. (Tr. at 176, 283-85). However, Mr. Winter had already testified. (Tr. at 285). Thus, the description given by Mr. Winter to the police was not presented at that time.

During the defense summation, counsel stated that the only description the police had when they were looking for the assailant was "a male black with a .45 calibre, medium complexion". (Tr. at 280-81). The prosecution objected to this statement because Mr. Winter had given the police a more detailed description of the assailant when they arrived at the crime scene. (H. Tr. at 27, 28; Tr. at 282). The court sustained the objection and struck defense

4

counsel's statement from the record. (Tr. at 285-86).

After a charging conference, the court instructed the jury that the withdrawn alibi notice and statements made during the arraignment should be considered as informal judicial admissions. (Tr. at 260-61, 264-65, 268-69). The jury was further instructed to consider whether or not the alibi notice was inconsistent with the defense's position at trial, since the petitioner's sister had testified that she was not with the petitioner at the precise time of the incident. (H. Tr. at 148-49; Tr. at 264-65). If the notice was found to be inconsistent, the jury should consider that fact in its deliberations, but otherwise, the alibi notice and arraignment statement should be disregarded. (Tr. at 264-65, 333-34). Defense counsel objected to this instruction on the ground that the petitioner's former defense attorney had served notice only to preserve his options and not in furtherance of fabricating an alibi. (Tr. at 265; Def. Brief at 25).

During deliberations, the jury asked to review the notice of alibi and arraignment statement. (Tr. at 356-57). The jury also requested the description of the assailant that the complainant had given to the police after the incident. (Tr. at 356-57). After reviewing the jury's request, the court decided it had erred earlier when it prevented Officer Montague from testifying to the description of the assailant that Mr. Winter had recounted at the scene of the crime. (Tr. at 284-86, 356-57). To rectify the

5

situation, the court invited the parties either to stipulate to the testimony introduced at the suppression hearing regarding the description of the assailant, agree to reopen the case to allow Officer Montague to testify, or propose a better solution. (Tr. at 357-60). The parties decided to stipulate to the description, and this information was then presented to the jury. (Tr. at 361).

At the conclusion of the trial, Mr. Harvey was convicted of Attempted Robbery in the First Degree in violation of New York Penal Law §§ 110.00 and 160.15 and Attempted Robbery in the Second Degree in violation of Penal Law §§ 110.00 and 160.10. Thereafter, he was sentenced to concurrent terms of nine years and seven years imprisonment respectively. (S. Tr. at 6).[5] Mr. Harvey appealed to the Appellate Division, First Department, raising the same issues advanced in the instant petition. That court affirmed the conviction in all respects. People v. Harvey, 309 A.D.2d 713, 766 N.Y.S.2d 194 (1st Dep't 2003). Thereafter, the New York Court of Appeals denied leave to appeal without opinion. People v. Harvey, 1 N.Y.3d 573, 775 N.Y.S.2d 790 (2003). Mr. Harvey then filed the instant habeas corpus petition.

Discussion

    A. Sufficiency of the Evidence[6]

---

[5] "S. Tr." refers to the transcript of Mr. Harvey's sentencing on April 26, 2002.

[6] Prior to passage of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), factual findings made by a state court

6

after an evidentiary hearing were presumed correct in a federal habeas proceeding, but federal courts were not required to defer to state court determinations of law and of mixed questions of law and fact. See Thompson v. Keohane, 516 U.S. 99, 107-12 (1995); Brown v. Artuz, 283 F.3d 492, 497 (2d Cir. 2002). Under the AEDPA, however, a writ of habeas corpus may not issue "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

> A decision is contrary to clearly established Federal law if it "contradicts the governing law" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the Supreme Court. [Williams v. Taylor, 529 U.S. 362,] 405-06 (2000). An unreasonable application of federal law is more than an incorrect application, but the petitioner need not show that all reasonable jurists would agree that a state court determination is incorrect in order for it to be unreasonable. Id. at 409-12. Instead, a federal court should review a state court's interpretation of federal law using a standard of objective reasonableness. Id. at 409. Objective unreasonableness includes an unreasonable refusal "to extend a clearly established, Supreme Court defined, legal principle to situations which that principle should have, in reason, governed." Kennaugh v. Miller, 289 F.3d 36, 45 & n.2 (2d Cir. 2002). The "increment of incorrectness beyond error . . . need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000)(internal quotation marks omitted).

Yung v. Walker, 296 F.3d 129, 135 (2d Cir. 2002).

The AEDPA standard applies to this case since Mr. Harvey filed his petition after the Act's effective date. See Brown, 283 F.3d at 498 n.2. Nevertheless, since Mr. Harvey's sufficiency of the evidence claim fails under the less deferential pre-AEDPA standard, there is no need to conduct the AEDPA's more intricate analysis. Cf. Kruelski v. Connecticut Superior Court for the Judicial District of Danbury, 316 F.3d 103, 106-07 (2d Cir. 2003)

A federal habeas court reviewing a sufficiency of the evidence claim does not make an independent determination as to whether the evidence demonstrates guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). It does not review de novo "the persuasiveness of testimony it has not itself heard, or evidence it has not itself considered in the first instance." Davis v. Miller, No. 99 Civ. 2423, 1999 WL 1125055, at *3 (S.D.N.Y. Dec. 8, 1999). Rather, after a conviction, the sufficiency of the evidence is reviewed in the light most favorable to the prosecution. See Jackson, 443 U.S. at 319; see also Herrera v. Collins, 506 U.S. 390, 402 (1993) (stating that the Jackson inquiry asks only whether decision to convict was rational, not whether it was correct). There is a "very heavy burden placed upon a defendant challenging the sufficiency of the evidence underlying his conviction." Knapp v. Leonardo, 46 F.3d 170, 178 (2d Cir. 1995) (internal quotation marks omitted). To succeed, the petitioner must demonstrate that "no rational trier of fact could have found guilt beyond a reasonable doubt." Jackson, 443 U.S. at 324.

Here, the petitioner alleges that there was insufficient evidence to sustain his conviction for attempted robbery in the

---

(suggesting, in post-AEDPA cases, that habeas courts assess first whether state court's ruling was erroneous under "correct interpretation" of the federal law at issue, then whether the ruling was unreasonable).

8

second degree since the requisite element of physical injury was not proven. This claim is without merit.

Under Penal Law § 160.10, a person is guilty of robbery in the second degree when he forcibly steals property and when, during the commission of the crime, he "[c]auses physical injury to any person who is not a participant in the crime." N.Y. Penal Law § 160.10(2)(a). Physical injury is defined as "impairment of physical condition or substantial pain." N.Y. Penal Law § 10.00(9).

Courts have regularly found pain and bruising to meet the definition of physical injury. See People v. Tellis, 156 A.D.2d 260, 260-61, 548 N.Y.S.2d 648, 649 (1st Dep't 1998)(pain which persisted for two weeks and visible bruises satisfied the substantial pain component of physical injury); People v. Clarke, 250 A.D.2d 619, 619-20, 673 N.Y.S.2d 153, 154 (2d Dep't 1998) (bruises to arm and head pain for one week were legally sufficient evidence that victim suffered physical injury). Here, it is clear that Mr. Winter suffered "substantial pain." After he was hit, he had a throbbing headache for three days and his scalp turned black and blue. (Tr. at 106). His head was "swollen and lumpy" and he was "very uncomfortable." (Tr. at 106). Thus, there was sufficient evidence for the jury to infer substantial pain and to determine that Mr. Winter suffered a physical injury.

Further, although Mr. Winter did not seek medical assistance, there is no requirement that the victim receive treatment for his

9

injuries. "Lack of medical treatment is but a factor to consider," and the jury is entitled to rely on the victim's testimony. People v. Guidice, 83 N.Y.2d 630, 636, 612 N.Y.S.3d 350, 353 (1994); see People v. Pope, 174 A.D.2d 319, 320-21, 571 N.Y.S.2d 205, 206-07 (1st Dep't 1991)(injury to victim's little finger sufficient "physical injury" to sustain conviction even though not treated by physician); People v. Andrews, 236 A.D.2d 735, 736, 654 N.Y.S.2d 838, 839 (3d Dep't 1997) (failure to seek medical treatment not dispositive).

In the instant case, the physical injury suffered by Mr. Winter was sufficiently established such that a rational fact finder could have found the petitioner guilty beyond a reasonable doubt of attempted robbery in the second degree. Accordingly, the petitioner's claim fails.

### B. Procedural Default

Mr. Harvey is prevented from seeking habeas relief with respect to the claims that the alibi notice and the post-trial stipulation were incorrectly admitted into evidence because he did not properly object at trial. Thus, the petitioner's claims are procedurally defaulted on collateral review.

#### 1. Notice of Alibi

The petitioner contends that the notice of alibi should not have been admitted into evidence over his objection. Mr. Harvey asserts that because of the introduction of this evidence to the

10

jury, his due process right to a fair trial was denied and his Fifth Amendment right against self-incrimination was violated. Although the petitioner had objected at trial to the introduction of the alibi notice and arraignment statements into evidence, Mr. Harvey failed to raise any constitutional arguments. Rather, the petitioner opposed the admission of the alibi notice only on the ground that it was not sufficiently inconsistent with his defense and what was said at the arraignment. (Tr. at 258-65; Def. Br. at 25). Since the petitioner's present theory of inadmissability was not asserted below, his argument was unpreserved and cannot be heard in a habeas corpus petition. See Smith v. Duncan, ___ F. 3d ___, 2005 WL 1513160 (2d Cir. June 21, 2005) (holding that because defense counsel never argued at trial that exclusion of 911 tape deprived defendant of opportunity to present meaningful defense in violation of defendant's rights under the Constitution, defendant's federal claim was procedurally barred on habeas corpus review).

The petitioner's claim that his due process right to a fair trial and Fifth Amendment right against self-incrimination were violated was raised on direct appeal and rejected. The Appellate Division held that since the "[d]efendant never made this argument before the trial court, but argued only that his alibi was not inconsistent with his position at trial," the court would not hear the petitioner's claim. Harvey, 309 A.D.2d at 713, 766 N.Y.S.2d at 195. Yet the Appellate Division also stated that if it were to

review the merits of the claim, it would find that the trial court properly admitted the alibi notice and arraignment statements into evidence. Id., 766 N.Y.S.2d at 195.

Federal habeas review of a claim is generally prohibited if the state court rests its judgment on an independent and adequate state ground. See Lambrix v. Singletary, 520 U.S. 518, 522-23 (1997) (stating that "[the] Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment"); see also Estwick v. Walker, No. 01 Civ. 2174, 2004 WL 1151581, at *5 (S.D.N.Y. May 24, 2004). A state procedural default qualifies as an independent and adequate state ground "[w]here a state court rejects a petitioner's claim because the petitioner failed to comply with a state procedural rule . . . ." Estwick, 2004 WL 1151581, at *5; accord Coleman v. Thompson, 501 U.S. 722, 729-30 (1991).

For a state rule to be "adequate" it must be "firmly established and regularly followed." Ford v. Georgia, 498 U.S. 411, 423-24 (1991). A decision that a claim is procedurally barred will be deemed adequate and given deference if there is a "fair and substantial" basis in state law for the state court's determination. Garcia v. Lewis, 188 F.3d 71, 78 (2d Cir. 1999).

The Appellate Division has relied on the "contemporaneous objection rule" which preserves for review only those questions of

law to which "a protest . . . was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same."  New York Criminal Procedure Law ("CPL") § 470.05.  New York has consistently applied this rule.  See <u>Fernandez v. Leonardo</u>, 931 F.2d 214, 216 (2d Cir. 1991) (noting that failure to make objection at trial constitutes adequate procedural default).  Further, the Supreme Court has held that failure to object at trial when required by a contemporaneous objection rule is an adequate and independent state ground.  <u>See, e.g.</u>, <u>Wainwright v. Sykes</u>, 433 U.S. 72, 86-87 (1977)  (failure to comply with contemporaneous objection rule is an independent and adequate state ground).

Here, the Appellate Division's reliance on state law is clear from the face of its opinion.  The court expressly ruled that the petitioner's claim regarding objections to the notice of alibi was unpreserved as petitioner's counsel did not object at trial on constitutional grounds.  Because the Court of Appeals denied leave to appeal, this court must look back to the last reasoned decision.  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 802 (1991) (where last reasoned opinion on claim explicitly imposes procedural default, it should be presumed that later decision rejecting claim did not silently disregard the bar and consider the merits); <u>Levine v. Commissioner of Correctional Services</u>, 44 F.3d 121, 126 (2d Cir. 1995) (federal habeas corpus court looks to Appellate Division's reliance on

13

procedural bar where Court of Appeals issues summary denial of leave to appeal). Here, the last explained state court judgment is the Appellate Division's decision, which held that petitioner's claim was procedurally barred. Thus, the state court's decision rests on an adequate ground "independent" of the federal constitutional issue and cannot be collaterally reviewed.

Further, although the Appellate Division briefly discussed the merits in an alternative holding, this does not indicate that its decision was not made on independent and adequate state grounds. See Garcia, 188 F.3d at 77 (Appellate Division's invocation of procedural bar is adequate state ground even though court mentioned merits in alternate holding); see also Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) (district court improperly reviewed petitioner's claims on merits since Appellate Division had found that claims were procedurally barred and also without merit). "[A] state court need not fear reaching the merits of a federal claim in an <u>alternative</u> holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." Harris v. Reed, 489 U.S. 255, 264 n.10 (1989).

Although there is a narrow exception under which a court can grant relief if the petitioner can show either (1) cause for the default and prejudice or (2) a "fundamental miscarriage of justice"

14

which has resulted in the conviction of an innocent person, see Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 170 (2d Cir. 2000), the petitioner has advanced no such argument here. Thus, since the Appellate Division declined to review the petitioner's claim for want of preservation, it is procedurally barred from habeas review.

   2. Stipulation

Mr. Harvey also asserts that he was forced to enter into a stipulation during jury deliberations regarding the description of the assailant that Mr. Winter had given to the police officers at the scene. At trial the petitioner did not raise an objection to the stipulation. Thus, the Appellate Division found that the petitioner had failed to preserve it. Harvey, 309 A.D.2d at 713, 766 N.Y.S.2d at 195. That decision bars this court from reviewing the petitioner's claim.

The petitioner did not object to the stipulation either on the ground that he was prejudiced by its submission during deliberations or that the court's actions deprived him of a fair trial. In fact, the petitioner offered to enter into a "simple stipulation," rather than reopen the proceedings so that Officer Montague could testify. (Tr. at 360-61). Thus, Mr. Harvey failed to adhere to the contemporaneous objection rule by not raising specific objections at trial and then raising them on appeal. As discussed above, such a failure to object when required by New York's contemporaneous

15

objection rule is considered an adequate and independent state ground, even though the court addressed the merits in an alternative holding. See Wainwright, 433 U.S. at 86-87; Velasquez, 898 F.2d at 9. Thus, federal court review of this claim is barred unless the petitioner can establish "cause and prejudice" for the default. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Since the petitioner did not argue cause and prejudice, nor did he assert that failure to consider this claim would result in a miscarriage of justice, review of the merits of this claim is barred by procedural default.

Conclusion

For the reasons set forth above, I recommend that the application for a writ of habeas corpus be denied and the petition be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days to file written objections to this Report and Recommendation. Such objection shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable P. Kevin Castel, Room 2260, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          July 21, 2005

Copies mailed this date to:

Dijoncinque Harvey
02-A-2937
Fishskill Correctional Facility
Box 1245
Beacon, New York 12508

Nisha Desai, Esq.
Assistant Attorney General
120 Broadway
New York, New York 10271