UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DIJONCINQUE HARVEY,

                            Petitioner,                           04 Civ. 8019 (PKC)

        -against-

                                          MEMORANDUM
                                       AND ORDER
                                       ADOPTING
                                       REPORT AND
                                       <u>RECOMMENDATION</u>

WILLIAM MAZZUCA, Superintendent, Fish-
kill Correctional Facility

                             Respondent.
------------------------------------------------------------x


P. KEVIN CASTEL, U.S.D.J.

             Petitioner Dijoncinque Harvey, after a jury trial in the Supreme Court of the

State of New York, New York County, was convicted of one count of Attempted Robbery in

the First Degree under New York Penal Law ("NYPL") §§ 110.00 and 160.15, and one count

of Attempted Robbery in the Second Degree under NYPL §§ 110.00 and 160.10. On April

26, 2002, Justice Bonnie Wittner sentenced petitioner to terms of imprisonment of nine years

on the First Degree count, and seven years on the Second Degree count, to run concurrently.

             Petitioner appealed his conviction to the Appellate Division, First Department,

and, by Order dated October 30, 2003, the Appellate Division unanimously affirmed the con-

viction. <u>People v. Harvey</u>, 309 A.D.2d 713 (1st Dep't 2003). Petitioner sought leave to ap-

peal the Appellate Division's Order to the New York Court of Appeals, and by Order dated

December 31, 2003, leave was denied. 1 N.Y.3d 573 (2003).

On September 21, 2004, petitioner filed, <u>pro</u> <u>se</u>, a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting four bases for relief: (1) the evidence presented at trial was insufficient to support the jury's finding that the victim suffered physical injury, (2) he was deprived of his constitutional right to a fair trial when a notice of alibi that he had subsequently disavowed or withdrawn, as well as statements made during his arraignment, were admitted into evidence, (3) he was deprived of his constitutional right to due process by being forced to stipulate that the victim had given the police a certain description of the suspect who attempted to rob him, and (4) that the guilty verdict was against the weight of the evidence.  The fourth claim, based on the weight of the evidence, was subsequently withdrawn.

On March 29, 2005, I referred the petition to United States Magistrate Judge James C. Francis IV.  On July 21, 2005, Judge Francis issued a Report and Recommendation ("R&R").  In his R&R, familiarity with which is assumed, Judge Francis set forth the facts underlying petitioner's conviction in some detail, and, in view of the relevant statutes and case law, recommended that I deny the petition.  Petitioner filed timely objections to Judge Francis's R&R.  In light of petitioner's objections, I have conducted a <u>de</u> <u>novo</u> review of the underlying record, including the transcripts of petitioner's trial and related proceedings.  <u>See</u> 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.  Having done so, I adopt Judge Francis's R&R, and deny the petition for a writ of habeas corpus.

Judge Francis applied the proper standard for challenging the sufficiency of the evidence to support a conviction.  "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  <u>Jackson v. Virginia</u>, 443 U.S.

307, 319 (1979) (citation omitted) (emphasis in original). Because the evidence must be viewed in the light most favorable to the prosecution, "[p]etitioner bears a very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficient evidence." Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002) (citation and internal quotations omitted). Viewing the facts in the light most favorable to the prosecution, the court must "decide whether the record is 'so totally devoid of evidentiary support that a due process issue is raised.'" Bossett v. Walker, 41 F.3d 825, 830 (2d Cir. 1994) (quoting Mapp v. Warden, N.Y. State Corr. Inst. For Women, 531 F.2d 1167, 1173 n. 8 (2d Cir. 1976)), cert. denied, 514 U.S. 1054 (1995).

In petitioner's case, the victim's testimony that he had a severe headache for a period of days following the incident, and that his head was bruised and "swollen and lumpy," rendering him "very uncomfortable," was sufficient to meet the definition of "physical injury" under New York Penal Law § 10.00(9). See R&R at 9-10 and cases cited therein.

Judge Francis also properly concluded that petitioner's claim relating to the admission of his alibi notice and arraignment statements, and that relating to the stipulation as to the victim's description of his assailant, were procedurally defaulted.

With regard to the admission of the alibi notice and arraignment statements, the Appellate Division declined to review petitioner's claim that his constitutional rights to due process and against self-incrimination were violated by admission of the evidence. Harvey, 309 A.D.2d at 713. The court found the claim unpreserved, as petitioner "never made this argument before the trial court, but argued only that his alibi was not inconsistent with his position at trial." Id. (citation omitted). The rejection of petitioner's claim by the Appellate Division thus rested on an independent and adequate state ground (see Lambrix v. Singletary,

520 U.S. 518, 522-23 (1997)), namely, the failure to preserve the argument by objecting at trial, based on New York Crim. Proc. Law ("CPL") § 470.05.[1] Failure to timely object to admission of evidence at trial, when state law requires such a contemporaneous objection, constitutes an independent and adequate state ground. See Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977); cf. Monroe v. Kuhlman, 433 F.3d 236, 245 (2d Cir. 2006) (contemporaneous objection rule not an independent and adequate state ground to bar review of a judicial supervision claim).

Thus, petitioner's claim based on the admission of the alibi notice and arraignment statements is procedurally defaulted. Petitioner has not shown either cause and prejudice, or that this Court's failure to review the claim will result in a fundamental miscarriage of justice. See Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000).

The Appellate Division similarly held that petitioner's objection to the stipulation regarding the description given to the police by the victim was unpreserved, as petitioner failed to object. Harvey, 309 A.D.2d at 713-14. As Judge Francis noted, petitioner, through his counsel, in fact offered to enter into such a stipulation, rather than reopening the evidence in the case. See R&R at 15; Tr. at 360-61. Thus, review of this claim, too, is barred as procedurally defaulted, and petitioner has not shown cause and prejudice or a fundamental miscarriage of justice.

Having reviewed the petition, the submissions in support and opposition, the state court transcripts and petitioner's objections, I find Judge Francis's R&R to be well reasoned and thoroughly grounded in law.

---

[1] CPL § 470.05 provides, in relevant part, that an objection to a ruling or instruction is preserved for appeal only if a "protest" is registered "at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same."

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253; Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

The Report and Recommendation is adopted in its entirety, and the petition is DENIED. The Clerk is directed to enter judgment accordingly.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        June 5, 2006